Rosa v McAlpine Contr. Co. (2022 NY Slip Op 03216)

Rosa v McAlpine Contr. Co.

2022 NY Slip Op 03216

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Index No. 33629/18E Appeal No. 15948 Case No. 2020-00045 

[*1]Deivis Vasquez Rosa, Plaintiff-Appellant,
v
McAlpine Contracting Co., et al., Defendants-Respondents, Rand Engineering & Architecture, D.P.C., et al., Defendants.

Myrill & Lockamy, P.C., Bayside (Joshua Lockamy of counsel), for appellant.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for McAlpine Contracting Co. and Sandy 350 LLC, respondents.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale (Lindsay R. Kaplow of counsel), for Hudson 350 LLC, NYC Hudson Superstorm Sandy Rebuilding Fund LLC, The Hudson Companies Inc., Hudson Sandy Manager LLC, ESP Group LLC, and ESP Group of New York, Inc., respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Rory L. Lubin of counsel), for Rafael Martinez, Yovanny Martinez and Continental Indemnity Company, respondents.
Zetlin & DeChiara LLP, New York (David A. Beatty of counsel), for Cetraruddy Architecture D.P.C., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 3, 2019, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' (defendants) motions to dismiss the complaint as against them based on a release of claims and denied as moot plaintiff's cross motion to dismiss the release-based affirmative defenses, unanimously modified, on the law, to deny defendants' motions and to deny plaintiff's motion without prejudice, and otherwise affirmed, without costs.
The complaint and plaintiff's affidavit raise issues of fact as to whether defendants engaged in fraud, duress, and/or overreaching to procure plaintiff's signature on a general release of his claims against them related to his alleged fall from a 30-foot ladder while working at a construction site (see Paulino v Braun, 170 AD3d 506 [1st Dept 2019]; Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [2d Dept 2018]). There is little dispute that the release, written in English, unambiguously released all plaintiff's claims against defendants in exchange for $30,000 in consideration, which plaintiff received. However, plaintiff avers that he does not read English, that he did not have counsel at the time he executed the document, that he did not know the nature or purpose of the document he signed, and that defendants represented to him that the execution of the document was a mere formality required for his receipt of compensation for work performed. Plaintiff averred that he was out of work at the time, facing eviction and medical bills, and in need of financial support, and that he was hoping to travel to Puerto Rico to see his brother, who was dying. He averred that he did not understand the nature of the release he signed until he retained counsel to aid him in prosecuting a workers' compensation claim.
Given the minimal discovery had and the limited record on appeal, defendants' arguments as to alternative grounds for dismissal of the complaint should be heard by the motion court in the first instance. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022